UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:

Woodstock Landscaping & Excavating, LLC,

                    Debtor.

Chapter 11

Case No. 21-35565 (CGM)

-------------------------------------------------------x

## FIRST AMENDED & RESTATED PLAN OF REORGANIZATION

     Woodstock Landscaping & Excavating, LLC, debtor and debtor-in-possession (the "Debtor") proposes the following Plan of Reorganization pursuant to the provisions of subchapter V of Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101, et seq. (the "Code").

## ARTICLE I
### Definitions

     1.    "Allowed Claim" (and any variation thereof including "Allowed Secured Claim" or "Allowed Unsecured Claim") shall mean a claim (i) for which a proof of claim has been filed before the Confirmation Date; or (ii) a claim scheduled by Debtor and not listed as disputed, unliquidated or contingent; or (iii) a claim as to which no objection has been filed on or before seven (7) days prior to the Effective Date and which has been finally allowed pursuant to §§ 502, 503, 505 and/or 506 of the Code; or (iv) a claim agreed upon by a claimant and the Debtor, and which is set out in this plan of reorganization or the accompanying disclosure statement.

     2.    Chapter 11 Case shall mean *In re Woodstock Landscaping & Excavating, LLC*, Chapter 11 Case No. 21-35565 (CGM), in the United States Bankruptcy Court for the Southern District of New York.

     3.    "Claim" means any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured, as defined in section 101(5) of the Code.

     4.    "Claimant" shall mean the holder of an Allowed Claim or a right to payment of an Allowed Administrative Expense.

     5.    "Class" shall mean a class of Claimants described in Article III.

     6.    "Code" shall mean title 11 of the United States Code (the "Bankruptcy Code"), as made applicable to this case.

     7.    "Confirmation Date" shall mean the date of entry of an Order by the Court confirming this Plan.

8. "Confirmation Order" shall mean an Order of the Court confirming the Plan.

9. "Court" shall mean the United States Bankruptcy Court for the Southern District of New York wherein the Chapter 11 Case is pending.

10. "Debtor" shall mean Woodstock Landscaping & Excavating, LLC.

11. "Disputed Claims" means Claims against the Debtor as to which an objection has been filed no later than 60 days after the Effective Date (or such later date as may be fixed by the Court) by the Debtor or the Reorganized Debtor and which objection has not been withdrawn or resolved by the entry of a Final Order.

12. "Disputed Claim Reserve" means a segregated depository account into which the Reorganized Debtor shall set aside funds payable as Distribution(s) on Disputed Claims, but for a timely pending objection to the allowance of such Claim(s).

13. "Distribution" shall mean the property (including payments) required by the Plan to be provided to the holders of Allowed Claims.

14. "Effective Date" shall mean the fifteenth (15th) day following the Confirmation Date.

15. "Petition Date" shall mean the date of commencement of this Chapter 11 Case, July 22, 2021.

16. "Plan" shall mean this Plan of Reorganization, now and as it may later be further restated, amended, supplemented, or modified. The Plan shall be interpreted in accordance with the Code. The terms used herein, including, but not limited to, such terms as "claim," "interest," "allowed," "secured," "unsecured," "affiliate," "insider," and "impaired" shall have the same meaning as under the Code.

17. "Unclaimed Property" shall mean any Distributions which are unclaimed following the date of distribution. Unclaimed Property shall include (a) checks (and the funds represented thereby) which have been returned as undeliverable without a proper forwarding address, (b) funds for checks which have not been paid, (c) checks (and the funds represented thereby) which were not mailed or delivered because of the absence of a proper address with which to mail or deliver such property, and (d) interest on cash constituting Unclaimed Property.

18. "Unclaimed Property Reserve" shall mean a segregated account into which the Reorganized Debtor shall deposit Unclaimed Property.

## ARTICLE II
## Background of the Debtor

The Debtor, a New York limited liability company, was formed on 5/4/2007. Its sole member is Theresa Gutierrez, who also served as the member manager until 11/24/2021. The Debtor delivers residential and commercial landscaping and excavation services, as well as commercial bulk materials hauling. It also operates a retail nursey, selling trees and plants. During the winter season, the Debtor also does commercial and residential snowplowing. The Debtor's gross revenue for 2018 and 2019 was $3,180,200 and $2,817,707, respectively. The 2020 tax returns are nearing completion.

This case under subchapter V of chapter 11 of the Bankruptcy Code was filed to resolve the Debtor's substantial payroll tax liabilities.

## ARTICLE III
## Classification of Claims and Interests

All claims and interests against the Debtor shall be divided into the following classes:

CLASS 1.  All Allowed Administrative Expenses consisting of the actual and necessary costs and expenses of administration entitled to priority in accordance with § 507(a)(2) of the Code and, if applicable, approved by order of the Court pursuant to 11 U.S.C. §§ 330-331.

CLASS 2. The holders of the Class 2 Allowed Claims entitled to priority in accordance with § 507(a)(8) of the Code consist of the Internal Revenue Service and the New York State Department of Labor,

CLASS 3. The Allowed Secured Claim of the Internal Revenue Service ("IRS").

CLASS 4. The Allowed Secured Claim of the New York State Department of Taxation & Finance ("NYDTF").

CLASS 5. The Allowed Secured Claim of Commercial Credit Group, Inc. ("CCG").

CLASS 6. The Allowed Secured Claims of John Deere Construction & Forestry Company d/b/a John Deere Financial ("John Deere Financial").

CLASS 7. The Allowed Secured Claim of Universal Finance Corp ("UFC").

CLASS 8. The Allowed Secured Claim of Lake Equipment Leasing, Inc ("Lake").

CLASS 9. The Allowed Secured Claim of Rhinebeck Bank.

CLASS 10. The Allowed Secured Claim of Fox Capital Group, Inc. dba Fox Business Funding NY.

CLASS 11. The Allowed Secured Claim of ROC Funding Group LLC.

CLASS 12. The Allowed Secured Claim of PIRS Capital, LLC.

CLASS 13. The Allowed Unsecured Claims of non-insider unsecured claimants of the Debtor not entitled to priority pursuant to Code section 507, to the extent not included in another class of claims, including without limitation any claims arising as a result of the operation of Code section 506, or as a result of the rejection of executory contracts and unexpired leases.

CLASS 14. The Allowed Unsecured Claims of insider general unsecured claimants of the Debtor.

CLASS 15. Holder(s) of Equity Security Interest(s) in the Debtor.

## ARTICLE IV
## A. Treatment of Claims and Interests
## Not Impaired Under the Plan (Non-Voting)

CLASS 1. The Class 1 Allowed Administrative Expenses for compensation and reimbursement of expenses will be paid in year 1 of the Plan. Payments of one-eighth (1/8) each of all Class 1 Allowed Administrative Expenses shall be made on the last day of the month starting in April 2022 and continuing through November 2022 until such expenses are paid in full. The Debtor shall have the right but not the obligation to prepay all (but not less than all) Class 1 Allowed Administrative Expenses, in whole or in part. Any partial prepayment shall be made *pro rata* with respect to all Class 1 Allowed Administrative Expenses.

CLASS 2. The Class 2 Allowed Priority Claims shall be paid by Debtor in full, in deferred cash installments over a five (5) year period from the Petition Date, pursuant to Section 1129(a)(9)(C) of the Bankruptcy Code. Such payments will be made commencing on the Effective Date, and monthly thereafter, so as to be paid in full by the fifth anniversary of the Petition Date. Debtor shall have the right, but not the obligation, to pre-pay all or any part of the Class 2(B) claims, without penalty.

CLASS 15. Class 15 consists of the Equity Security Interest of Theresa Gutierrez. The holder of the Class 15 interest shall retain her interest.

## B. Treatment of Claims and
## Interests Impaired Under the Plan (Voting)

CLASS 3. The Class 3 Allowed Secured Claim shall be paid in full, with interest, in monthly self-amortizing cash installments over a five (5) year period from the Petition Date. Interest shall accrue and be paid on the Class 3 Allowed Secured Claim at the federal short-term funds rate in effect as of the Confirmation Date, plus 5%. Such payments shall commence on the Effective Date of the Plan.

4

CLASS 4. The Class 4 Allowed Secured Claim shall be paid in full, with interest, in monthly self-amortizing cash installments over a five (5) year period from the Petition Date. Interest shall accrue and be paid on the Class 3 Allowed Secured Claim at the rate of 7.5%. Such payments shall commence on the Effective Date of the Plan.

CLASS 5. The Allowed Class 5 Secured Claim shall be paid according to its terms.

CLASS 6. The Allowed Class 6 Secured Claim shall be paid according to its terms.

CLASS 7. The Allowed Class 7 Secured Claim shall be paid according to its terms.

CLASS 8. The Allowed Class 8 Secured Claim shall be paid according to its terms.

CLASS 9. The Allowed Class 9 Secured Claim shall be paid according to its terms.

CLASS 10. The Allowed Class 10 Secured Claim shall be paid in full, without interest, within 24 months following the Effective Date. Fifteen (15) equal monthly payments of $1,044.94 shall be made on the last day of the month starting in April 2022 and continuing through and including November 2022, and then again from April 2023 through and including October 2023, with the final payment in November 2023 being in the amount of $1,044.98. No payments shall be made for the months of December through and including March in either 2022 or 2023.

CLASS 11. The Class 11 Secured Claim shall be allowed in the amount of $200,000.00 and paid, without interest as follows: Payments shall be made monthly on the last day of the month, starting in April and continuing through November. Thirty-two (32) equal monthly payments of $6,250.00 shall be made on the last day of the month as follows: (i) from April 2023 through and including November 2023; (ii) from April 2024 through and including November 2024; (iii) from April 2025 through and including November 2025; and (iv) from April 2026 through and including November 2026. No payments shall be made for the months of December through and including March of any Plan year.

CLASS 12. The Class 12 Secured Claim shall be allowed in the amount of $50,000.00 and paid, without interest as follows: Payments shall be made monthly on the last day of the month, starting in April and continuing through November. Thirty-two (32) equal monthly payments of $1,562.50 shall be made on the last day of the month as follows: (i) from April 2023 through and including November 2023; (ii) from April 2024 through and including November 2024; (iii) from April 2025 through and including November 2025; and (iv) from April 2026 through and including November 2026. No payments shall be made for the months of December through and including March of any Plan year.

CLASS 13. The Allowed Class 13 Claims consist of all non-insider Allowed Claims against the Debtor not entitled to priority or treatment as secured claims under the Plan, including those portions of the claims filed by ROC Funding Group LLC and PIRS Capital, LLC in excess of their Allowed Secured Claims. The Allowed Class 13 Claims shall be paid *pro rata* from the Debtor's projected disposable income as set forth on Exhibit 1 hereto for each of the five (5) years

under the Plan. Payments shall be made in equal amounts on the last day of May and the last day of November, without interest.

CLASS 14. Class 14 consists of the insider Allowed Unsecured Claims of Theresa Gutierrez and David Gutierrez. The Class 14 Allowed Unsecured Claims shall be entitled to payment from the net revenue of the Debtor commencing on the sixth anniversary of the Effective Date.

## C. Other Provisions Applicable to
## The Class 3 Through 12 Secured Claims.

Prepayment; Lien Retention. The Debtor may prepay all or any portion of the Allowed Claims in Classes 3 through and including 12 without penalty, at any time and from time-to-time. The holders of the Allowed Class 3 through 12 Claims shall retain their lien(s) and in and to their collateral. Except as specifically provided by the Plan, the terms of Class 5 through 9 Claimants' loan documents shall remain unmodified.

## ARTICLE V
## Means for Execution of the Plan & Projections of Future Operations

The Plan is to be implemented consistent with § 1190 of the Code. The Plan will be funded by the post-confirmation revenues of the reorganized Debtor. The Debtor's projected revenue, expenses and projected disposable income for the 5-year post-confirmation period are annexed hereto as Exhibit 1.

## ARTICLE VI
## Liquidation Analysis

In the event of the failure of this Plan and the liquidation of the Debtor, it is projected that (i) the Debtor's secured equipment creditors would repossess and sell their respective collateral and (ii) the IRS and NYSDTF would levy and collect the Debtor's then existing accounts and hold tax sales to liquidate any excess value remaining after the equipment sales. Following repossession and sale of the equipment collateral and federal and state tax levies, nothing would be left from the Debtor's operations to fund creditor claims. A more detailed liquidation analysis is annexed hereto as Exhibit 2.

## ARTICLE VII
## Provision for the Assumption and Rejection
## Of Executory Contracts and Unexpired Leases

As of the confirmation date, the reorganized Debtor shall be deemed to have assumed each executory contract and unexpired lease not previously rejected.

## ARTICLE VIII
## Post-Petition Management

By Certificate of Amendment to the Debtor's Articles of Organization dated 11/24/21, the Debtor limited liability company has elected to be managed by one non-member manager, and appointed operations supervisor David Gutierrez as manager of the Debtor's business and financial affairs, pre-confirmation and post-confirmation.

## ARTICLE IX
### Default

In the event of an event of a default of a under the Plan (other than the absence of insurance), Debtor shall have ten (10) days (two (2) business days in the case of inadequate insurance) from the date of notice via email to Debtor and Debtor's counsel in the first such event of default to fully cure the event of default. Debtor shall have five (5) days (two (2) business days in the case of inadequate insurance) from the date of notice via email to Debtor and Debtor's counsel of any subsequent event of default to fully cure the event of default. In the event that Debtor fails to timely cure such event of default, the automatic stay shall be modified to permit only those affected creditors to take whatever action is available pursuant to their underlying loan documents, the Plan, and/or applicable law. Nothing herein affects Debtor's liability for late fees under the applicable loan documents.

### Retention of Jurisdiction

The Court shall retain jurisdiction of this case under the provisions of the Bankruptcy Code including, without limitation, § 1142(b) thereof and the Federal Rules of Bankruptcy Procedure, through substantial consummation of the Plan, to ensure that the intent and purpose of the Plan is carried out and given effect.

The Court shall retain jurisdiction for the following purposes:

(a) To consider amendments and modifications of this Plan pursuant to § 1193 of the Code;

(b) To hear and determine:

(i) All controversies, suits and disputes, if any, as may arise with the interpretation or enforcement of the Plan post-confirmation;

(ii) All controversies, suits and disputes, if any, as may arise between the holders of any class of claims and the Debtor;

(iii) Applications for allowance of compensation and objections to claims;

(iv) All controversies as provided by the Confirmation Order;

(v) Any and all pending applications, adversary proceedings and litigation matters; and,

(c) To make such orders as may be necessary or appropriate to carry out the provisions of the Plan.

## ARTICLE VIII
## Discharge of Claims and Indebtedness

All indebtedness of and claims against the Debtor shall be discharged in exchange for the rights acquired under this Plan pursuant to Bankruptcy Code §1141(d)(1)(A): (i) upon confirmation if under Bankruptcy Code §1191(a); or (b) as the result of confirmation under Bankruptcy Code §1191(b), upon completion of the payments called for through the fifth anniversary of the Effective Date of the Plan.

## ARTICLE IX
## Revesting of Assets of the Debtor

The entry of the Confirmation Order shall vest the assets of this estate and the Debtor in the reorganized Debtor, free and clear of all claims of creditors, except as set out in the Plan.

## ARTICLE XI
## General Provisions

Discharge & Compensation of Trustee. The subchapter V trustee shall be discharged and relieved of his duties as of the Effective Date. The Trustee's requested compensation and reimbursement of expenses as approved by the Bankruptcy Court are payable as a Class 1 Allowed Administrative Expense.

Payment Issuance. The payments called for under the Plan shall be made by the Debtor.

Reserve for Disputed Claims. On and after the Effective Date, the Distributions reserved for the holders of Disputed Claims shall not be distributed but shall be held by the Reorganized Debtor in Disputed Claims Reserve. Except to the extent that the Court shall have estimated under section 502(c) of the Code or otherwise determined that a good and sufficient reserve for Disputed Claims is less than the full amount thereof, there will be deposited into the Disputed Claims Reserve an amount of cash which would have been distributed on account of all Disputed Claims if all Disputed Claims were allowed in the full amount claimed by the holders thereof.

At such time as a Disputed Claim becomes an Allowed Claim, the Distribution which would have been disbursed had the Disputed Claim been an Allowed Claim on the Effective Date shall be released from the Disputed Claims Reserve and delivered to the holder of such Allowed Claim within thirty (30) days. At such time as all Disputed Claims have been finally determined, the balance of the cash not theretofore distributed shall be returned to the Reorganized Debtor.

Unclaimed Distributions. The Reorganized Debtor shall deposit any Unclaimed Property in an Unclaimed Property Reserve to be held in trust for the benefit of the holders of Allowed Claims entitled thereto under the terms of the Plan. For a period of 120 days following the date of

distribution, Unclaimed Property, including any principal, interest and dividends, in cash or in kind, as may have been paid on account of any such Unclaimed Property shall be held in the Unclaimed Property Reserve solely for the benefit of the holders of Allowed Claims which have failed to claim such property.

Until the expiration of 120 days following the distribution date, Unclaimed Property due to the holder of an Allowed Claim shall be released from the Unclaimed Property Reserve and delivered to such holder upon presentation of proper proof by such holder of its entitlement thereto. At the end of 120 days following the distribution date, the holders of Allowed Claims theretofore entitled to Unclaimed Property shall cease to be entitled thereto, and the Unclaimed Property shall then become property of the Reorganized Debtor.

<u>Court Fees; Monthly Reports.</u> Prior to the Effective Date, all fees due from the Debtor to the Clerk of the Court shall be paid in full and shall continue to be paid post confirmation, and the Debtor will file post-confirmation operating reports pursuant to the United States Trustee Operating Guidelines.

<u>Notices</u>. Notices shall be by certified mail, return receipt requested and by electronic mail, as set forth below, or as may be advised hereafter:

    If to the Debtor:    Woodstock Landscaping & Excavating, LLC
                                      c/o David Gutierrez
                                      53 Basin Road
                                      West Hurley, NY 12491
                                      wdstlandscaping@aol.com

    With a copy to:     Michael D. Pinsky, Esq.
                                      Law Office of Michael D. Pinsky, P.C.
                                      372 Fullerton Ave., #11
                                      Newburgh, NY 12550
                                      pinsky.bkr.law@gmail.com

<u>Binding Effect.</u>  Confirmation of the Plan shall bind the reorganized Debtor and every creditor of the Debtor whether or not the claim of such creditor is impaired under the Plan and whether or not such creditor has accepted the Plan.

<u>Cram Down.</u> If all classes of claims and interests impaired under the Plan do not vote in favor of the Plan, Debtor requests that the Court nevertheless confirm the Plan pursuant to 11 U.S.C. § 1191(b).

Dated:  West Hurley, New York
           March 1 , 2022

                                                      Woodstock Landscaping & Excavating, LLC

                                                 By:     <u>/s/ David Gutierrez</u>

Title:   Manager

Prepared by:

Law Office of Michael D. Pinsky, P.C.
Attorney for Debtor
372 Fullerton Ave., # 11
Newburgh, NY 12550
Tel: (845) 245-6001
Fax: (845) 684-0547
Email: pinsky.bkr.law@gmail.com