Law Office of Michael D. Pinsky, P.C.
Attorney for Debtor
372 Fullerton Ave., # 11
Newburgh, NY 12550
Tel: 845-245-6001
Fax: (845) 684-0547
pinsky.bkr.law@gmail.com
Michael D. Pinsky, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

In re:

Woodstock Landscaping & Excavating, LLC,

                Debtor.

Chapter 11

Case No. 21-35565 (CGM)

----------------------------------------------------------x

## MOTION OBJECTING TO CLAIM 14

      Chapter 11 debtor and debtor in possession Woodstock Landscaping & Excavating, LLC (the "Debtor") now moves for the entry of an order (the "Motion") pursuant to 11 U.S.C. § 502 and Rule 3007 of the Federal Rules of Bankruptcy Procedure sustaining its objection to Claim 14 filed by Lexington Insurance Company ("Lexington") and in support thereof respectfully shows as follows:

      1.      Lexington timely filed Claim 14, asserting an unsecured claim for costs incurred on behalf of its insureds arising out of a personal injury case. A true and correct copy of Claim 14 is annexed as Exhibit "A."

      2.      Claim 14 is based on Lexington's subrogation to the rights of its insureds Lowe's Home Centers, LLC and Hudson Valley 2011 LLC (collectively hereafter "Lowe's") in connection with the slip and fall personal injury claim of Edward McGuire at a Lowe's Home Center in Kingston, New York.

3. Mr. McGuire brought an action against Lowe's for injuries suffered when he slipped and fell on the ice while making a delivery to that store. That action is styled *Edward McGuire v. Lowe's Home Centers, LLC, et al.*, Index No. EF2019-2378, in the Ulster County Supreme Court (the "PI Case").

4. Lowe's brought a third-party action against the Debtor in the PI Case, with causes of action including contractual and common-law indemnity or contribution and misrepresentation.[1] The Debtor subcontracted to provide snow removal services to the Kingston Lowe's store with non-party Case Snow Management, Inc. ("Case"). In that subcontract, the Debtor agreed to indemnify Case and its customers and end-users for damages arising from the Debtor's actions or omissions.

5. The PI Case was recently settled. On information and belief, the terms of the settlement are confidential.

6. In the Addendum to [Lexington's] Proof of Claim, being pages 4-5 of Claim 14, Lexington states as follows:

> "The amount owed to Creditor Lexington Insurance Company cannot be quantified at this time. The amount owed is unliquidated $53,011.73 in legal defense costs as of 10/14/2021 plus the unliquidated portion for continuing defense costs in a civil lawsuit plus the costs for any common law and contractual indemnification and common law contribution, which is contingent on there being a verdict in the Supreme Court Case, County of Ulster, Edward McGuire vs. Lowe's Home Centers, LLC and Hudson Valley 2011 LLC vs. Woodstock Landscaping & Excavating, LLC, under Index Number EF2019-2378 in favor of Plaintiff Edward McGuire. The Debtor, Woodstock Landscaping & Excavating LLC is a Third-Party Defendant in the aforementioned personal injury lawsuit and Lexington Insurance Company is responsible to provide coverage to Lowe's Home Centers, LLC and Hudson Valley 2011 LLC under policy number 015375167." (Emphasis added.)

7. No verdict was entered against Lowe's. In connection with the settlement of PI Case, the action was voluntarily discontinued. The third-party action against the Debtor was also

---

[1] The misrepresentation cause of action was for not disclosing that the Debtor's insurance coverage had lapsed.

discontinued. A copy of the Stipulation of Discontinuance is annexed as Exhibit "B." The Debtor, which had not appeared in the third-party action, did not participate in the settlement.

8. Lexington's claim beyond the amount of defense costs actually paid out should be disallowed. Lexington's decision to settle Mr. McGuire's claim, regardless of how reasonable, is not a matter for which the Debtor's estate can be held accountable. As no judgment against the Debtor was entered, the Debtor's liability, if any, for Mr. McGuire's injuries has not been established. *See* Decision and Order dated 6/25/21 by Justice Mott in the PI Case on Lowe's motion for default judgment in the third-party action against the Debtor, copy annexed as Exhibit "C," set out in pertinent part here:

> "[A]s Plaintiffs (sic) negligence claim has yet to be determined, Lowe's/Hudson's claims for indemnity/contribution are not ripe. *Fagan v long ls. Realty & Dev., ltd.,* 17 Misc 3d 1115(A) [Sup Ct 2007] citing *Multari v. Glalin Arms Corp.,* 28 A.D.2d 122; *Slavik v. Wang,* 110 A.D.2d 630 (3rd-party plaintiff may not enter default judgment for indemnification against a 3rd-party defendant until the farmer's liability to the main plaintiff has been established). Indeed, the 1-year period for entering a default judgment on 3rd-party indemnity/contribution claims does not commence until a liability judgment is entered in the main action. *Multari v. Glalin Arms Corp.,* 28 A.D.2d 122."

9. Lexington's claim for any amounts exceeding defense costs actually disbursed should be expunged pursuant to 11 U.S.C. § 502(b)(1) as the claim is unenforceable against the Debtor and property of the Debtor or the bankruptcy estate under applicable law.

10. Lexington's claim for defense costs should also be expunged unless Lexington promptly amends Claim 14 to list and substantiate the amount of defense costs (save and except those defense costs incurred in connection with the settlement) actually disbursed.

11. No prior request has been made for the relief sought by this motion.

12. As the issues presented in this motion are neither novel nor complex and the authority for the relief requested is sufficiently set forth above, the Debtor requests that a separate memorandum of law not be required.

WHEREFORE, the Debtor seeks the entry of an order sustaining its objection to Claim 14, expunging Claim 14, and for such other and further relief as is just and proper.

Dated: Newburgh, New York
March 4, 2022

                                      Law Office of Michael D. Pinsky, P.C.

By:   /s/ Michael D. Pinsky, Esq.
       Attorney for Debtor
       372 Fullerton Ave., # 11
       Newburgh, NY 12550
       Tel: (845) 245-6001
       Fax: (845) 684-0547
       Email pinsky.bkr.law@gmail.com